IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

FARMERS INSURANCE EXCHANGE,

        Plaintiff,

    vs.                                      Cause No. <u>10-CV-317</u>

FEDERAL INSURANCE COMPANY, a
Member of the CHUBB GROUP OF
INSURANCE COMPANIES, and
WPI-MENAUL, LLC,

        Defendants.

<u>COMPLAINT BY INSURER FOR DECLARATION OF RIGHTS UNDER
INSURANCE POLICY AND FOR EQUITABLE CONTRIBUTION</u>

COMES NOW Farmers Insurance Exchange, by and through Hatcher & Tebo, P.A., and

for its Complaint by Insurer for Declaration of Rights under Insurance Policy and for Equitable

Contribution states as follows;

I.
<u>JURISDICTIONAL ALLEGATIONS</u>

1.     Farmers Insurance Exchange (Farmers) is, and at all material times has been, a

California reciprocal insurance exchange, authorized to write and sell insurance in the State of

New Mexico.

2.     Upon belief, Federal Insurance Company, a member of the Chubb Group of

Insurance Companies (Federal), is an Indiana corporation authorized to write and sell insurance

in the State of New Mexico.

3.     Defendant WPI-Menaul, LLC (Menaul) is a New Mexico limited liability

corporation with its principal place of business in the State of New Mexico.

4.     This Court has personal jurisdiction over the parties to this action as the insurance policies, subject of this Complaint, were executed in the State of New Mexico and, further, because the events and occurrences giving rise to the underlying suit, below described, occurred in Albuquerque, Bernalillo County, State of New Mexico.

5.     This Court has subject matter jurisdiction on the basis of diversity of jurisdiction, 28 U.S.C. §1332, in that the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs, and the dispute is between citizens of different states.

6.     This case is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201. This Court has the authority to enter a declaratory judgment regarding the rights and liabilities of the parties pursuant thereto.  A real and justiciable controversy exists between the parties with respect to whether Menaul is entitled to defense and indemnity coverage under the Farmers policy for some, any, or all of the claims and damages sought in an underlying suit filed in the Second Judicial Distinct Court, County of Bernalillo, under the style *Julie Sakura, et al. v. Andrew Sun, et al.*, Bernalillo No. CV-2009-07982 (underlying suit) and, if so, whether Farmers is entitled to equitable contribution from Federal for any costs of defense and/or indemnity with respect to the defense of Menaul, or its agents, representatives  or employees.  Declaratory relief will effectively adjudicate the rights and obligations of the parties.

7.     Venue is proper in this district pursuant to 28 U.S.C. §1391(a) because a substantial portion of the events giving rise to the claim for declaratory judgment occurred in this district.

II.
INSURANCE POLICIES

8.     Farmers issued a Business Owners' Policy to Yan You under Policy No. 0603039434 with the effective dates of coverage from February 12, 2008 through March 28,

2009 and containing liability limits of $1 million per occurrence and $2 million general aggregate.  The policy was first effective on September 10, 2004.  (Farmers policy) (See Exhibit "A", material portions of the Farmers policy).

9.      The Farmers policy contains provisions for commercial general liability (CGL) coverage to its named insured.   The Farmers policy also contains an additional insured endorsement scheduling Menaul at its location of 2626 San Pedro Drive, N.E., Suite A, Albuquerque, New Mexico, 87111-3351.  The additional insured endorsement states:

> The following is added to Paragraph C.  WHO IS AN INSURED?, in the business owners liability coverage form:
> 4.      The person or organization shown in the schedule is also an insured, but only with respect to liability as co-owner of the premises shown in the schedule.

10.     The Farmers policy further contains, in the "policy conditions" portion of the policy, Section H.  Other Insurance, provisions which state, in material part, as follows:

> 1.      If there is other insurance covering the same loss or damage, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not.  But we will not pay more than the applicable limit of insurance.
> * * *
> 3.      When this insurance is excess, we will have no duty under business liability coverage to defend any claim or "suit" that any other insurer has a duty to defend.  If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

11.     The insuring agreement under the Farmers policy states, in pertinent part:

> A.      Coverages.
> 1.      Business liability.
> a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" to which this insurance does not apply . . ..

12.     The coverages provided by the Farmers policy contain an exclusion for punitive or exemplary damages.

13.     The Farmers policy contains an exclusion for "contractual liability" which excludes coverage for, in material part:

> "Bodily injury" . . . for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability or damages:
>
> * * *
>
> 2.     Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" . . . occurs subsequent to the execution of the contract or agreement.   Solely for the purposes of liability assumed in an "insured contact," reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" . . . provided:
>
> > a.     Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract;" and,
> >
> > b.     Such attorneys' fees and litigation expenses are for defense of that party against a civil . . . proceeding in which damages to which this insurance applies are alleged.

14.     The named insured under the Farmers policy, Yan You, and Menaul entered into a lease agreement ("Lease") dated August 30, 2004, true and correct copies of material parts of which are attached as Exhibit "B".  The Lease contains a requirement, under Section 14 thereof, that the tenant obtain "commercial general liability insurance with respect to the premises . . ." The Lease further requires the insurance to contain "an endorsement stating 'such insurance as afforded by this policy for the benefit of landlord shall be primary as respect to any liability or claims arising out of the occupancy of the premises by tenant, or tenant's operations and any insurance carried by landlord shall be excess and non-contributory.'"  The lease further contains a provision requiring the tenant to "defend, indemnify and hold harmless landlord . . . from and against all loss, cost and liability, including attorneys' fees and costs arising out of or in

connection with any claims due to tenant's use or occupancy of the premises or the conduct of its business arising from any act, neglect, fault or omission of tenant, or of its agents, employees or invitees.  However, this indemnification shall not apply if it is ultimately determined that such claims, liabilities, expenses, actions or proceedings were caused solely by the gross negligence of the willful conduct of landlord."

15.     The Lease language pertinent to any duties owned by Farmers is ambiguous and should be construed against the drafting party and stricken from any coverage analysis.

16.     Plaintiff believes the Lease does not serve to obligate it to defend or indemnify Menaul, or any other named Defendant, in the underlying suit, for liability other than any vicarious liability for the wrongful conduct of Yan You, Farmers' named insured.

17.     Federal issued to World Premier Investments, Inc. (WPI) a comprehensive commercial policy under Policy No. 3583-80-47 WUC, with effective dates of coverage August 18, 2007 to August 18, 2008.  (Federal primary policy) (Material portions of the Federal primary policy are attached as Exhibit "C").  Federal also issued to WPI what is described as "Chubb Commercial Excess and Umbrella Insurance" under Policy No. 9364-03-85 WUC with effective dates of coverage August 18, 2007 to August 18, 2008.  (Federal excess) (Material portions of the Federal excess policy are attached as Exhibit "D").

18.     Upon belief, Menaul appears to be a scheduled or other insured under both Federal policies.

19.     The Federal primary policy contains, in its insuring agreement, the following language:

> Subject to all of the terms and conditions of this insurance, we will pay damages that the insured becomes legally obligated to pay by reason of liability:
> •        Imposed by law; or
> •        Assumed in an insured contract;

For bodily injury . . . caused by an occurrence to which this insurance applies.

20.     The Federal primary policy insures its insureds for general liability for $1 million each occurrence and $2 million general aggregate.

21.     The Federal primary policy contains an "other insurance" clause which states as follows:

> If other valid and collectible insurance is available to the insured for loss we would otherwise cover under this insurance, our obligations are limited as follows:
> Primary insurance
> This insurance is primary except when the excess insurance provision described below applies.
> If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary.  Then, we will share with all that other insurance by the method described in the method sharing provision described below.
> Excess insurance
> This insurance is excess over any other insurance, whether primary, excess, contingent or on any other basis:
> * * *
> D.     That is insurance
> * * *
>         2.     Under which you are included as an insured.

22.     The Federal excess policy contains limits of $10 million for "excess coverage other aggregate limit (as applicable)" and $10 million for "umbrella coverages aggregate limit," along with a $10 million "each occurrence" limit.

23.     The Federal excess policy, in its insuring agreement, states:

> Subject to all of the terms and conditions applicable to excess follow-form coverage A, we will pay, on behalf of the insured, that part of loss to which this coverage applies, which exceeds the applicable underlying limits.
> * * *
> This coverage will follow the terms and conditions of underlying insurance described in the schedule of underlying insurance . . .

The underlying insurance scheduled is the Federal primary policy.

24.     The Federal excess further provides:

Subject to all the terms and conditions applicable to Umbrella Coverage B, we
will pay, on behalf of the insured, loss by reason of liability:
•       Imposed by law; or
•       Assumed in an insured contract
For bodily injury . . . caused by an occurrence to which this coverage applies.


25.     The Federal excess policy also contains an "other insurance" clause which states:

If other valid and collectible insurance is available to the insured for loss we
would otherwise cover under this insurance, our obligations are limited as
follows.
This insurance is excess over any other insurance, whether primary, excess,
contingent or on any other basis.

26.     As between the policies at issue, the two Federal policies are "closer to the risk"

insured or the accident causing instrumentality alleged in the underlying suit, than the risks

insured by the Farmers policy.  Alternatively, as between the policies at issue, the overall "total

policy insuring intent" behind the Federal policies is such that they were designed to specifically

meet the liability and risks alleged in the underlying suit.  As such, the two Federal policies

should be considered both primary, in terms of priority and allocation of coverage, to the

Farmers policy.

III.
THE UNDERLYING SUIT

27.     On July 2, 2009, Plaintiff in the underlying suit filed her Complaint for Wrongful

Death and Intentional Infliction of Emotional Distress.   (See, attached as Exhibit "E", the

complaint filed in the underlying suit).  The complaint alleged that on July 9, 2008, Qui Feng

Chen was working as a hostess and cashier in the Golden Star Restaurant, the subject of the

Lease, when an armed assailant shot and killed her.

28.     The allegations further state that prior to the murder, several shopping center tenants, including Yan You, complained to defendants in the underlying suit regarding criminal activity and insufficient security measures.  The defendants in the underlying suit promised, but never followed through with, additional security measures.

29.     The complaint sets forth a variety of allegations, many of which are alleged as acts of intent, giving rise to claims for punitive damages, in which the defendants in the underlying suit are alleged to have failed to act reasonably and prudently in directing appropriate security measures to deter criminal activity at the subject shopping center, to warn lessees of the danger, to keep the premises safe for use by visitors, in failing to take steps to procure reasonable security, among a variety of other acts or omissions giving rise to a claim for damages for the wrongful death of Qui Feng Chen.  The complaint also alleges torts of intentional and negligent emotional distress against Menaul and other defendants.  There are no allegations of wrongdoing alleged on the part of Yan You, Farmers' named insured, nor is Yan You named as a party defendant.

IV.
CLAIMS FOR RELIEF

30.     Farmers has agreed to defend Menaul in the underlying suit.  Farmers provided Menaul, in care of its counsel, written confirmation of its agreement to defend under the terms and conditions set forth in the reservation of rights letter issued August 19, 2009, attached hereto as Exhibit "F".

31.     An actual controversy has arisen among the parties regarding their respective rights and obligations under the policy and, more particularly, whether the Farmers policy provides defense and indemnity coverage for the damages alleged in the Complaint in the underlying suit against Menaul, including their agents and employees acting through them, as

additional insureds and, if so, what the scope of that coverage is.   Farmers contends it does not have a duty of defense or indemnity to the claimed additional insureds in the underlying suit.  In the alternative, and assuming there is coverage, Farmers contends such indemnity coverage is limited to any vicarious liability of the additional insureds as a result of acts or omissions of Yan You, Farmers' insured.

32.     Farmers further contends a controversy has arisen among the parties as to the priority and allocation of coverage as between its policy issued to Yan You and the coverages provided, respectively, through the Federal primary and Federal excess policies to its insureds. Farmers contends that its policy should be declared excess to the Federal primary policy and the Federal excess policy.  Alternatively, Farmers contends that its policy should be determined to be at the same layer of risk as the Federal excess and that any defense or indemnity obligation owed to any additional insured be provided through the Federal primary policy or be shared on a pro rata basis, as a percentage of its policy limits to the combined limits of the two Federal policies.

33.     The allegations in the underlying suit fall clearly outside the scope of any insurance coverage owed by the Farmers policy to any parties claimed as additional insureds, including, but not limited to, Menaul including their principals and employees named in the underlying suit.

34.     Plaintiff is informed and believes, and so alleges, that all parties to this suit may dispute the contentions of Farmers set forth herein.

WHEREFORE, Plaintiff prays the Court for the following relief:

A.     That it enter judgment declaring the rights and obligations of each of the parties with regard to the disputes herein.

B.      That it enter judgment declaring there is no coverage under the Farmers policy for the claimed additional insureds including, but not limited to, Menaul including its principals and employees named in the underlying suit.  This determination of no coverage includes, but is not limited to, a declaration that Farmers, under its policy, owes no defense or indemnity obligation to those parties.

C.      Alternatively, that it enter a judgment declaring that any defense and indemnity obligations of Farmers are limited in scope only to any vicarious liability of the additional insureds for the negligent acts or omissions of Farmers named insured, Yan You, or those acting on his behalf.

D.      Alternatively, that it enter a judgment declaring the Farmers policy is excess to the Federal primary and Federal excess policies.

E.      Alternatively, enter a judgment declaring that the Farmers policy is at the same layer of risk as the Federal excess policy and that any defense or indemnity obligation owed by Farmers be shared on a pro rata basis as a percentage of the Farmers limits to the combined Federal primary and excess limits.

F.      Alternatively, enter judgment declaring that the Federal primary policy has the sole duty to defend any additional insured in the underlying suit.

G.      Enter judgment declaring that the Farmers policy owes no defense or indemnity for any other acts or omissions of the claimed additional insureds including, but not limited to, intentional acts forming the basis for any award for intentional and negligent infliction of emotional distress or punitive damages.

H.      To the extent there are any costs incurred and paid by Farmers, for an award to

Farmers and against all Defendants for amounts reimbursing it for such costs incurred and paid

in the defense and/or indemnity of non-covered claims.

I.      Award costs of this action.

J.      Grant Plaintiff any other and further relief as the Court deems just and proper.

HATCHER & TEBO, P.A.


By:___/s/ Scott P. Hatcher_____
        Scott P. Hatcher, Esq.
        150 Washington Ave., Suite 204
        Santa Fe, NM   87501
        (505) 983-6525
        Attorney for Plaintiff